The Honorable Jeff Wood State Representative 4097 Austin Lakes Circle Sherwood, AR 72120-8019
Dear Representative Wood:
You have presented the following questions for my opinion:
 (1) Under Arkansas law, may a county judge solicit bids and award professional services contracts on behalf of the county for consulting, architectural and general contracting services in connection with the construction of a county jail without the consent of the quorum court?
 (2) If the answer to Question 1 is affirmative, is the quorum court obligated to appropriate funds to pay for professional services contracts to which it did not consent?
 (3) If a quorum court lawfully appropriates funds for professional services contracts for consulting and architectural services in connection with the construction of a county jail and designates specific professional services vendors to be awarded such contracts for such services, is the county judge obligated to make the necessary contracts and disburse the funds as directed by the quorum court in its appropriation ordinance?
Response
Question 1 — Under Arkansas law, may a county judge solicit bids andaward professional services contracts on behalf of the county forconsulting, architectural and general contracting services in connectionwith the construction of a county jail without the consent of the quorumcourt?
It is my opinion, as explained more fully below, that the county judge is authorized by law to enter into contracts on behalf of the county,[1]
and that the quorum court's consent to such contracts is not required. However, the county judge can enter into such contracts only if the funds for such contracts have been previously appropriated by the quorum court. The county judge must also comply with all applicable laws governing the procedures for entering into the type of contract in question.
The county judge's authority to enter into contracts on behalf of the county arises out of Amendment 55, § 3 of the Arkansas Constitution, and is explained in more detail in A.C.A. § 14-14-1102. Subsection (b)(2)(C)(ii) of that statute states:
 The county judge shall have the authority to enter into necessary contracts or other agreements to obligate county funds and to approve expenditure of county funds appropriated therefor in the manner provided by law.
A.C.A. § 14-14-1102(b)(2)(C)(ii). In addition, A.C.A. § A.C.A. §14-14-1102(b)(5)(A) states:
 The county judge, as the chief executive officer of the county, shall be responsible for the employment of the necessary personnel or for the purchase of labor or services performed by individuals or firms employed by the county, or an agency thereof, for salaries, wages, or other forms of compensation.
A.C.A. § 14-14-1102(b)(5)(A).
The county judge's power to obligate the county, however, is limited by the power of the quorum court to appropriate county funds. That limitation is reflected in A.C.A. § 14-14-1102(b)(2)(C)(ii), quoted above. The limitation is stated more explicitly elsewhere. For example, A.C.A. § 14-14-1102(b)(2)(C)(i) states:
 No money shall be paid out of the treasury until it shall have been appropriated by law and then only in accordance with the appropriation; and all contracts for erecting and repairing the public buildings in any county or for materials therefor, or for providing for the care and feeding of paupers where there are no public or private facilities or services available for such purpose, shall be given to the lowest possible bidder under such regulations as may be prescribed by law.
A.C.A. § 14-14-1102(b)(2)(C)(i).
The above-cited limitation on the county judge's power to contract for the county is further bolstered by the provisions of A.C.A. § 14-20-106:
 No county court or agent of any county shall make any contract on behalf of the county unless an appropriation has been previously made therefor and is wholly or in part unexpended. In no event shall any county court or agent of any county make any contract in excess of any appropriation made, and the amount of the contract shall be limited to the amount of the appropriation made by the county quorum court.
A.C.A. § 14-20-106.
The provisions of law cited above are clear in limiting the county judge's power to contract for the county. Although the county judge unquestionably has the authority to enter into contracts on behalf of the county without the approval of the quorum court, he cannot do so unless the funds for the payment of obligations arising out of such contracts have been previously appropriated by the quorum court.
Accordingly, I must conclude that although the county judge can enter into contracts on behalf of the county without the quorum court's consent, the quorum court exercises considerable control over the county judge's actions in doing so, in that it must appropriate the funds for such contracts before the county judge can enter into them. (In addition, the county judge is required to comply with all applicable laws that govern the procedure for entering into the type of contract in question. See, e.g., A.C.A. § 19-11-801 et seq. (governing negotiations for professional services contracts) and A.C.A. § 14-22-101 et seq.
(governing bidding procedures for commodities and other non-professional services contracts).)
I recognize that this conclusion raises the question of whether the quorum court can, in its appropriation ordinance, dictate to the county judge the specific terms of the contract, including the parties with whom the contract is to be entered into. I will address this issue in response to Question 3, below.
Question 2 — If the answer to Question 1 is affirmative, is the quorumcourt obligated to appropriate funds to pay for professional servicescontracts to which it did not consent?
As indicated in response to Question 1, the quorum court must appropriate funds for county contracts before the county judge can enter into contracts obligating the county. It follows that if the county judge has entered into a contract for which funds have not yet been appropriated, a violation of the law has occurred, and the quorum court is under no legal obligation to appropriate the funds for such a contract.[2]
The quorum court has the exclusive authority to appropriate county funds. A.C.A. § 14-14-904(b). It would constitute a violation of the principle of separation of powers if the county judge were permitted to obligate the quorum court to appropriate funds. See A.C.A. § 14-14-502.
Question 3 — If a quorum court lawfully appropriates funds forprofessional services contracts for consulting and architectural servicesin connection with the construction of a county jail and designatesspecific professional services vendors to be awarded such contracts forsuch services, is the county judge obligated to make the necessarycontracts and disburse the funds as directed by the quorum court in itsappropriation ordinance?
It is my opinion that the quorum court cannot designate specific professional services vendors to be awarded county contracts. Because, as noted previously, the county judge has been granted the authority and responsibility for entering into contracts on behalf of the county, see
Ark. Const., Am. 55, § 3; A.C.A. § 14-14-1102, it would constitute a violation of the principle of separation of powers for the quorum court to dictate to the county judge the details of how this authority and responsibility is to be carried out. A.C.A. § 14-14-502. Although the quorum court's appropriation must be as specific as possible, see A.C.A. § 14-20-103; Op. Att'y Gen. No. 2000-064, it is my opinion that for a quorum court to dictate the specific parties with whom a county judge may enter into contracts on behalf of the county would go beyond the scope of the quorum court's authority. The judge's authority, of course, will be subject to the limitations of the statutorily required procedures that govern such contracts.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] Contractual procedures for professional services and for general contracting services differ. The county judge may not solicit bids for professional services. See A.C.A. § 19-11-801 et seq. County bidding procedures for other contracts are set forth in A.C.A. § 14-22-101 etseq.
[2] The quorum court clearly may choose to appropriate funds for a contract already entered into by the county judge, thus ratifying the judge's action.